IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ANTWAN RUSSAW, | ) | |
| AIS #197264, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 2:05-CV-798-F |
| | ) | |
| KENNETH L. JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Come now the Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on August 2, 2005.

## PROCEDURAL HISTORY

On March 4, 2003, a Barbour County Grand Jury returned two separate indictments against Russaw, charging him with attempted murder and burglary in the first degree. (C. 3C, 4C, 49C, 50C) On June 30, 2003, Russaw filed a written waiver of arraignment in each case and pleas of not guilty. (C. 18C) A jury trial commenced on August 4, 2003, and on August 5, 2003, Russaw was found guilty

of attempted murder and burglary in the first degree, as charged in the indictments. (C. 31C, 32C, 61C, 62C; R. 5) On September 11, 2003, Russia was sentenced to life in the penitentiary for each conviction to run consecutively. (C. 37C, 65C) He was also ordered to pay in each case a $50.00 crime victims compensation assessment, attorney fees, and court costs. (C. 37C, 65C) Russaw filed a written notice of appeal in each case on September 17, 2003. (C. 41C)

The Alabama Court Of Criminal Appeals affirmed the convictions on August 20, 2004, in a Memorandum opinion. Russaw v. State, CR-03-0011 (Ala. Crim. App. Aug. 20, 2004) (Mem. Op.). Russaw's application for rehearing was denied on September 17, 2004. Russaw did not file a petition for writ of certiorari in the Supreme Court of Alabama. The Certificate of Judgment was issued on October 6, 2004.

Russaw filed a Petition For Relief Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on the attempted murder conviction on August 5, 2005, and filed a Rule 32 petition on the first degree burglary conviction on August 12, 2005. The trial court denied both petitions on September 15, 2005. Russaw gave notice of appeal on October 7, 2005.

2

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

1) "Conviction obtained by a violation of the privilege against self-incrimination."

2) "Denial of effective assistance of counsel."

3) "Trial court was without jurisdiction to render judgment or to impose sentence where the indictment is void in that it falls to include an essential element of the crime on attempted murder."

4) "Whether trial counsel's (sic) were ineffective due to actual conflict of interest where that conflict had adverse effect on trial counsel's performance which had a prejudicial effect and deprived petitioner of a fair trial?"

5) "Whether co-counsel were ineffective due to actual conflict of interest of interest where that conflict had adverse effect on co-counsel's performance which had a prejudicial effect and deprived him of a fair trial?"

## CLAIMS RAISED ON DIRECT APPEAL

1) "Whether reversible error was committed when evidence was admitted of a prior attempted murder conviction."

2) "Whether the verdict was contrary to the weight and sufficiency of the evidence presented."

## CLAIMS RAISED IN THE RULE 32 PETITION

Respondents do not know the exact claims that were raised in the Rule 32 petitions because the transcript of the Rule 32 proceeding has not been submitted on appeal.

## EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### EXHAUSTED CLAIMS

None of the claims raised by Russaw in this petition have been exhausted in state courts. If these claims were raised in the Rule 32 petition, the claims still are not exhausted because the petition is pending in state court.

### UNEXHAUSTED CLAIMS

All of the claims raised by Russaw are unexhausted because Russaw's Rule 32 petition is still pending in state court.

4

## THE STATUTE OF LIMITATION ON HABEAS CASES DOES NOT PRECLUDE REVIEW OF RUSSAW'S CLAIMS.

Russaw timely filed his federal petition because it was filed within the one-year limitation period.

In the Anti-Terrorism and Effective Death Penalty Act of April 24, 1996 [AEDPA], Congress amended Title 28 U.S.C. §2244 and instituted a one-year limitation period in which to bring a federal habeas corpus petition. The amendment states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented form filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Russaw's conviction became final when he failed to file a petition with the Supreme Court of Alabama and the Alabama Court of Criminal Appeals issued the Certificate of Judgment on October 6, 2004. Because Russaw did not file a petition for writ of certiorari in the Supreme Court of Alabama, he was not entitled to the ninety-day period in which to file a petition for writ of certiorari in the Supreme Court of the United States. Consequently, his time to file a federal habeas petition began to run on October 6, 2004.

Russaw had until October 6, 2005 to file his federal habeas petition. He filed his Rule 32 petitions, which tolled the running of the limitation period, on August 5 and August 12, 2005. In addition, he filed his federal petition on August 15, 2005, which is within the one-year period after his conviction became final in state court.

### THE COURT SHOULD NOT REVIEW RUSSAW'S CLAIMS UNTIL THE STATE APPELLATE COURT HAS RULED ON THE CLAIMS CONTAINED IN THE PENDING RULE 32 PETITION.

Because Russaw has a petition pending in state courts, he has not exhausted his state remedies. The Anti-Terrorism and Effective Death Penalty Act of April 24, 1996 ["AEDPA"], specifically 28 U.S.C. §2254(b) (1) (A), provides the following:

> "an application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted remedies available in the courts of the State."

Russaw has not exhausted his state remedies and therefore, his federal habeas petition should be dismissed. This Court may not hold the petition in abeyance pending the outcome of the Rule 32 petition because Russaw has not shown good cause why he failed to exhaust his claims before he filed his federal petition. "For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005).

Russaw will have approximately two months to re-file his federal petition after the state appellate courts review the denial of the Rule 32 petitions. This two month period provides him with sufficient time for to re-file the petition.

**Russaw should be advised that he re-file the federal petition within two months of the date the state court issues the certificate of judgment on the Rule 32 petition. He should also be advised that, if he fails to re-file the federal petition within two months after the state court issues the certificate of judgment, he will be barred from having his claims heard in a federal petition.**

Whereas Respondents have shown that Russaw is not entitled to review of his claims, this petition should be denied.

        Respectfully submitted,

        Troy King – KIN047
        *Attorney General*
        State of Alabama


        s/James B. Prude
        James B. Prude (PRU005)
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>13th</u> day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Marcus Antwan Russaw, AIS# 197264, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Al 35023-7299.

                                                s/James B. Prude
                                                James B. Prude (PRU005)
                                                Office of the Attorney General
                                                Alabama State House
                                                11 South Union
                                                Montgomery, AL  36130-0152
                                                Telephone:  (334) 242-7300
                                                Fax:  (334) 242-2848
                                                E-Mail:  JPrude@ago.state.al.us

224369/85014-001