IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ANTWAN RUSSAW,<br>AIS #197264, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )   CIVIL ACTION NO. 2:05-CV-798-F<br>) |
| KENNETH L. JONES, et al., | )<br>) |
| Respondents. | ) |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marcus Antwan Russaw ["Russaw"], a state inmate, on August 15, 2005. In this petition, Russaw challenges convictions for attempted murder and burglary imposed upon him by the Circuit Court of Barbour County, Alabama on August 5, 2003. In their answer filed with this court on October 13, 2005, the respondents assert that Russaw has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that Russaw currently has Rule 32 petitions pending on appeal in which he challenges the attempted murder and burglary convictions. *Respondents' Answer* at 4.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears

that Russaw has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Russaw's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of Russaw's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, U.S. , 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before November 2, 2005 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 14th day of October, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE