IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ANTWAN RUSSAW, | ) | |
| AIS #197264, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-798-F |
| | ) | [WO] |
| | ) | |
| KENNETH L. JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Marcus Antwan Russaw ["Russaw"], a state inmate, on August 15, 2005.  In this

petition, Russaw challenges convictions for attempted murder and burglary imposed upon

him by the Circuit Court of Barbour County, Alabama on August 5, 2003. In their answer

filed with this court on October 13, 2005, the respondents assert that  Russaw has failed to

exhaust state remedies with respect to the claims now pending before this court.

Specifically, the respondents maintain that Russaw currently has Rule 32 petitions pending

on appeal in which he challenges the attempted murder and burglary convictions.

*Respondents' Answer - Court Doc. No. 6* at 4.

Upon review of the respondents' answer, the court entered an order affording

Russaw an opportunity to demonstrate why this petition should not be dismissed for his

failure to exhaust state remedies.  *See Order of October 14, 2005 - Court Doc. No. 7*. **In

his response .... Russaw has filed nothing in response to this order.

## DISCUSSION

The law is well settled that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). The undisputed evidentiary materials establish that Russaw has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Russaw's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

Moreover, a stay of this case is now warranted pending the outcome of Russaw's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, U.S. , 125 S.Ct. 1528, 1535 (2005).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The habeas corpus petition filed by Marcus Antwan Russaw on August 15, 2005 be denied.

2. The petition be dismissed without prejudice to afford Russaw an opportunity to properly exhaust all available state court remedies.

It is further

ORDERED that on or before November 23, 2005 the parties may file objections to the said Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

Done this 9th day of November, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE